UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

             Plaintiff,

  -against-

VALERIE J. TRANUMN,

             Defendant.
- - - - - - - - - - - - - - - - -X

STIPULATION AND ORDER

Civil Action
No. CV-99-5871

(Ross, J.)

(Chrein, Ch. M. J.)

    WHEREAS, the United States filed this action against the defendant, Valerie J. Tranumn, claiming that she owes $5,265.83, plus interest from May 17, 1999, on a defaulted guaranteed student loan; and

    WHEREAS, the United States alleges that the defendant's indebtedness is based on a promissory note executed by the defendant on or about August 29, 1986, to secure a loan from Manufacturers Hanover Trust in the amount of $2,500 with an interest rate of 8% per annum; and

    WHEREAS, the parties wish to settle all issues herein on the terms provided below,

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties, by and through their undersigned attorneys, that –

    1. This action shall be dismissed, each party to bear that party's own costs and attorney's fees, with this court to retain jurisdiction over the action in the event of a breach of the payment agreement set forth below.

    2. The United States and the defendant each

acknowledges that as of March 31, 2000, the defendant is indebted to the United States in the amount of $5,472.53 plus interest at the rate of $.65 per day thereafter.

3. The defendant agrees to pay to the plaintiff the sum of $5,472.53 plus interest at the rate of $.65 per day thereafter by making monthly payments of $50 commencing March 3, 2000 and continuing on the third day of each month until the entire sum of $5,472.53 plus interest shall have been paid in full.

4. The parties further agree that the monthly payment amount set forth in paragraph 3 above is subject to review commencing after the payment due August 3, 2000, and in August of each year thereafter, until the debt set forth in paragraph 2 is paid in full, that the defendant shall complete a Financial Statement of Debtor and provide a copy of her most recent federal income tax return if requested to do so by the United States. If, based upon this information, the amount of the monthly payment is to be increased, it may be increased no more than once in a given year, except nothing shall prohibit an increase of any amount at the request of the defendant. The parties further agree that when the defendant is considered for an increase or decrease in the amount of her monthly payment, and if the monthly amount is increased or decreased, such increase or decrease shall be to a monthly amount that is reasonable and affordable based on the defendant's total financial circumstances. The preceding sentence shall not be construed as an admission by the United

3

States that in litigating this or any other action, it is bound by the provisions of 20 U.S.C. § 1078-6.

5. The payments shall be made payable to the United States Treasurer and delivered or mailed to the Department of Justice, Central Intake Facility, P.O. Box 198558, Atlanta, GA 30384. The defendant shall put on each payment account number C99-11890.

6. In the event of a default by the defendant in the payment provided for herein, and should such default remain uncured for 7 days, the United States shall have the right at its sole option and discretion, but no earlier than 15 days after giving defendant and, if within the first six months after execution of this Stipulation and Order, her attorney notice of the default by first-class mail, to obtain judgment in the entire amount above-acknowledged, together with interest, less any and all payments made pursuant to this Stipulation and Order, and to have execution therefor. This court shall retain jurisdiction over this action in order to enforce the provisions of this stipulation, if necessary.

7. After the defendant has made six consecutive monthly payments, beginning with the payment due March 3, 2000, she will be eligible to seek to renew her eligibility for federal financial assistance.

8. This acknowledgment of debt is for a debt now

4

justly and truly due and owing to the United States as acknowledged in paragraph number 2 above.

9. The defendant has read and understood the foregoing and signs this agreement as a free and voluntary act. No party to the action is an incompetent person, and no committee or guardian has been appointed for any party.

Dated: Brooklyn, New York
       October 16, 2000

                             LORETTA E. LYNCH
                             United States Attorney
                             Eastern District of New York
                             Attorney for Plaintiff
                             147 Pierrepoint Street - 14th Floor
                             Brooklyn, New York 11201

                   By: _____
                             THOMAS A. McFARLAND
                             Assistant U.S. Attorney

                             BLS Legal Services
                             Attorneys for Defendant
                             One Boerum Place
                             Brooklyn, NY 11201

                   By: _____
                             JANE GREENGOLD STEVENS, ESQ.

SO ORDERED:

Dated: Brooklyn, New York
       Oct 23      2000

           _____
           ROSS
           ict Judge